PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BEN RUDICK & SONS, INC., | ) |
|     Plaintiff, | ) CASE NO. 4:19CV1284 |
| v. | ) JUDGE BENITA Y. PEARSON |
| KEVIN SAUKKO, | ) |
|     Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** |

On June 4, 2019, third-party Defendant[1] Auto-Owners Insurance Company unilaterally removed this matter from Warren Municipal Court (Case No. 19 CVI 928), citing the general removal statute, 28 U.S.C. § 1441. ECF No. 1.

"Except as otherwise provided," a civil action brought in state court may only be removed "by the defendant or defendants" in that action. 28 U.S.C. § 1441(a). The Supreme Court recently confirmed the third-party counterclaim defendants have no right to remove a civil action to federal court under that general removal statute. *Home Depot U.S.A., Inc. v. Jackson*, ___ S. Ct. ___, 2019 WL 2257158, at *4 (May 28, 2019) ("[W]e conclude that § 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." (footnote explanation omitted)).

---

[1] The case was filed in Warren Municipal Court on April 16, 2019, Plaintiff Ben Rudick & Sons, Inc., against Defendant Kevin Saukko. ECF No. 1-3 at PageID#: 20. On or about May 15, 2019, Kevin Saukko filed a third-party complaint against Auto Owners seeking indemnity and a refund of premiums paid. ECF No. 1 at PageID#: 2; ECF No. 1-1 at PageID#: 12-14. On the Warren Municipal Court publicly-available docket, Auto-Owners is listed as a third-party defendant. Case No. 2019 CVI 000928 (Warren Mun. Ct.), https://benchmark.warrenmuni.us/benchmarkweb/Home.aspx/Search.

(4:19CV1284)

Even before that ruling, however, it was well-settled in the Sixth Circuit that third-party defendants cannot remove to federal court under § 1441. *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) ("[A] counterclaim or third-party defendant is not a 'defendant' who may remove the action to federal court." (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-08 (1941); additional citation omitted)); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002) ("We hold that third-party defendants are not 'defendants' [who may remove] for purposes of § 1441(a)."); *see also Thomas v. Shelton*, 740 F.2d 478, 488 (7th Cir. 1984); *Westwood Apex v. Contreras*, 644 F.3d 799, 805-06 (9th Cir. 2011)*.

Auto-Owners urges that the federal district court has exclusive subject-matter jurisdiction over Kevin Saukko's third-party complaint. ECF No. 1 at PageID#: 7-8. But that assertion, even if true, does not by itself compel removal. If the state court lacks jurisdiction to hear a given claim, then it will abstain from hearing that claim, and it can be brought again at a later time in a court of competent jurisdiction.

The matter was improvidently removed, and it will be remanded to Warren Municipal Court.


IT IS SO ORDERED.


   June 10, 2019                                  */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                                United States District Judge